NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KASEY F. HOFFMANN, Plaintiff-Appellant, v. LASSEN COUNTY; JULIE M. BUSTAMANTE, Defendants-Appellees. | No.   17-16997 D.C. No. 2:15-cv-01382-GEB-DB MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted May 16, 2019
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and BAYLSON,** District Judge.

Plaintiff-Appellant Kasey F. Hoffman appeals the district court's grant of

summary judgment in favor of Defendants-Appellees Lassen County and Julie M.

Bustamante, the County Clerk-Recorder, in his 42 U.S.C. § 1983 action.  While he

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Michael M. Baylson, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

was incarcerated, Hoffman wrote Defendants a letter requesting a marriage license. Hoffman alleges that Defendants violated his substantive due process right when it denied his request on the ground that marriage applicants need to appear in person in the County Clerk's office. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

There is no dispute that the letter Lassen County Deputy Clerk Michele J. Yderraga sent Hoffman was inaccurate or incomplete, in that the letter failed to mention that state law exempted incarcerated individuals from appearing in person. *See* Cal. Fam. Code §§ 359(a), 426. On this incomplete record, the district court properly granted summary judgment for Defendants on Hoffmann's municipal liability claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). The single denial letter alone is insufficient to raise a genuine dispute of material fact as to whether any policy or custom of Lassen County caused Hoffman to suffer constitutional injuries. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073–76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell*); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995), *as amended on denial of reh'g* (9th Cir. 1996) ("Proof of random acts or isolated events is insufficient to establish custom.").

However, Hoffman, who was pro se below, attempted to secure further discovery. Because questions remain as to Defendants' policy and practices,

2

including whether Defendants failed to take corrective action, we vacate and remand for the district court to order any other discovery necessary to develop the record. On remand, the district court will have discretion to allow plaintiff to proceed taking into account the inaccuracy in the letter sent to him. The district court may reconsider summary judgment after appropriate discovery.

**VACATED AND REMANDED.**

We award costs to Hoffman.